### BENJAMIN METOYER *v.* JEAN BAPTISTE TREZZINI.

An imputation of payment made by a creditor, and subsequently ratified by the debtor, will take effect from its date, though the former may, in the interval, have become the holder of another debt to which the debtor, or one bound as surety for him, might otherwise have required it to be imputed.

APPEAL from the District Court of Natchitoches, *Boyce*, J.

GARLAND, J. Trezzini held a note for $2000, drawn by Louis Rueg, which was endorsed by the plaintiff and another party, as accommodation endorsers. Trezzini endorsed the note, and had it discounted in the Union Bank, for his benefit. It was protested at maturity for non-payment, and a suit was instituted and judgment recovered against the drawer and all the endorsers. This judgment Trezzini paid, and being subrogated by the bank to all its rights and privileges, he issued an execution, which was levied on the property of the plaintiff. The latter obtained an injunction, on the ground, that Rueg, the drawer of the note, had paid various sums to Trezzini, which ought to be imputed to this debt, to an amount sufficient to discharge it. To this Trezzini answered, that he had received various sums from Rueg; but that at the time of their receipt, he was not the owner of the judgment in question, it being still owned by the bank, and that he had other claims against Rueg, to which those sums had been imputed.

The judgment in favor of the bank was transferred to Trezzini,

on the 10th of November, 1842. He had a note of Rueg's for $518 62, due the 1st—4th of April, 1839. He also had another note of the same person, for $4000, due the 30th of April, 1839, which had been discounted by the Union Bank also, but being protested for non-payment, Trezzini had taken it up. A further sum of $139 25 is claimed, as being due on the 25th March, 1841. The receipt to Trezzini on the note of $4000 is not dated; but the counsel urge, that we can infer the date from an endorsement of the number of days for which interest was calculated, which would make the date the 20th of February, 1841. But this inference is rebutted by the fact of a payment being made on it, on the 1st of April, 1841.

On the 24th of December, 1840, Rueg paid Trezzini $900, which it appears by an endorsement on the note for $4000, was paid to the bank. On the 25th of March, 1841, Trezzini received $600, the price of a slave. On the 1st of April, 1841, he received $1246 from judgments against Kirkland and Sanglier, &c. From a statement made by Trezzini, which is somewhat confused, and on its face contains some errors, he appears, on the 9th of December, 1841, to have imputed the balance in his hands to the note for $4000, which, by a document dated April 10th, 1843, Rueg ratified. Rueg was examined as a witness, and stated, that he signed the paper with an agreement, that any errors in it should be corrected, which reservation we understand to apply to the calculations, and not to the imputation of the sums paid.

It further appears, that the sum of $1246, collected of Kirkland and Sanglier, by Trezzini, was under a power of attorney from Louis Rueg, as the heir and attorney of the absent heirs of Henry Rueg, deceased; and also, that all the notes held by Trezzini were in renewal of notes which Henry Rueg and Louis Rueg had previously given. Of this sum, the District Judge imputed $139 25 to two small claims, which were the individual debts of Louis Rueg; but for the remainder, he refused to impute it to the note for $4000, although Trezzini had long previously so imputed it, and Louis Rueg had ratified it, subsequently to the institution of this suit. The imputation made by Trezzini was on the 9th of December, 1841, as appears by his account received

as evidence ; and no complaint was made of it, until about the time of this suit being commenced.    In fact, there is nothing in the record which shows that Rueg, the principal debtor on all the notes, ever did complain of it.

The District Judge decided, that because the sum of $1106 96, part of the $1246, was received by Trezzini in right of the succession of Henry Rueg, he held it in a different capacity, and could not impute it to Louis Rueg's debt, although he was the sole heir of Henry in the country, and attorney of the absent heirs. But no absent heirs are shown to exist.   He, therefore, decided, that the surety, or accommodation endorser of Louis Rueg, had the right of opposing to the creditor all the exceptions which the principal debtor could, which are inherent to the debt ; (Civil Code, art. 3029) ; and, consequently, allowed him the right of imputing the $1106 96 to the judgment now enjoined, although about a year and a half had elapsed from the time Trezzini received the money, up to the time of his being subrogated to the judgment now enjoined.

The defendant appealed from this judgment.

We are of opinion that the District Judge erred.    In the first place, he involves himself in a contradiction, by permitting Trezzini to impute $139 25 of the sum collected in the right of Henry Rueg's estate, to two items admitted to be Louis Rueg's debt, and by refusing to sanction the imputation of the balance of the sum to a note proved by Louis Rueg, to have been given in renewal of one due by Henry Rueg and himself.

The Judge further states, that if Louis Rueg had sued Trezzini for the amount collected for Henry Rueg's estate, he (Trezzini,) could not have pleaded a note of Louis in compensation.   We are of a different opinion.   Louis Rueg, so far as the record shows, is the only heir of Henry in the country ; he is also the attorney of the absent heirs, if any exist, and can receive the whole amount of the estate, previous to the appearance and recognition of such heirs.   The succession is not shown to be insolvent, or to have been accepted with the benefit of an inventory.   Trezzini did not hold the money as a depositary, or in any other fiduciary capacity, except as the agent of Louis Rueg ; and we think compensation might have been opposed to him, at least so far as his in-

terest in the succession existed.   Pothier, *Traité des Obligations*, vol. 2, No. 588, puts a case in which compensation may be opposed by a legatee, against the debt owing to the heir of the succession individually.   Toullier, vol 7, No. 380, advances the same doctrine, where there is but one heir to the succession, and it is not accepted with the benefit of inventory.

Our views in relation to the legality of the imputation made by Trezzini, are strengthened by the knowledge which he and Louis Rueg had of the notes for $4000 and $518 62, being given in renewal of notes for which Henry Rueg's estate was bound—by the lapse of time from the date of the imputation to the time any complaint was made of it, and by the subsequent ratification of it by Louis Rueg.   We are not prepared to say, that if no imputation had been made previous to the injunction being obtained, we would permit it afterwards, to the prejudice of the surety ; but having been made long previous by the creditor, we see no reason why the debtor may not ratify it subsequently, which Louis Rueg did by his receipt of the 10th of April, 1843.

The judgment of the District Court is, therefore, annulled and reversed ; and it is ordered and decreed, that the injunction issued herein be dissolved, and that the defendant proceed with his execution ; the plaintiff Metoyer paying one hundred and fifty dollars damages, and the costs in both courts.

*Sherburne* and *J. B. Smith*, for the plaintiff.

*Rothrock* and *Tuomey*, for the appellant.